**RAQUEL M. BUSANI #323162**
email: raquel@erisalg.com
**ROBERT J. ROSATI #112006**
e-mail: robert@erisalg.com
6485 N. Palm Ave., Ste. 105
Telephone:(559)478-4119
Telefax:(559)478-5939

Attorneys for Plaintiff,
TISHA ENTZ

UNITED STATES DISTRICT COURT FOR

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TISHA ENTZ, | Case No.: 5:19-cv-402 |
| | |
| Plaintiff, | **COMPLAINT FOR:** |
| | |
| v. | **(1)  DECLARATORY RELIEF PRECLUDING RELIANCE ON CONTRACTUAL LIMITATIONS PERIOD;** |
| | |
| STANDARD INSURANCE COMPANY, | **(2)   DECLARATORY RELIEF FOR LONG TERM DISABILITY BENEFITS;** |
| Defendant. | **(3)  EQUITABLE RELIEF REGARDING LONG TERM DISABILITY BENEFITS.** |

Plaintiff, TISHA ENTZ ("Entz or Plaintiff"), alleges as follows:

## JURISDICTION

1.      Plaintiff's claims for relief arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1) and (3).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**VENUE**

2.    Venue is proper in the Central District of California in that Entz is and was a resident of the City of Apple Valley, in San Bernardino County, California, when Defendant denied her long term disability ("LTD") benefits.

**INTRADISTRICT ASSIGNMENT**

3.    This civil action, which arose in San Bernardino County, is properly assigned to the Southern Division.

**PARTIES**

4.    Plaintiff  is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the California Teachers Association Economic Benefits Trust, and thereby entitled to receive benefits therefrom.  Plaintiff was a participant because she was a member of the California Teachers' Association which established The Plan to provide certain benefits, including LTD benefits, to its members through the California Teachers Association Economic Benefits Trust.

5.    Defendant, Standard Insurance Company ("Standard" or "Defendant"), is a corporation organized and operating under the laws of the State of Oregon with its principal place of business in Portland, Oregon, and which is licensed to transact, and is transacting, insurance in the State of California. Defendant issued Policy 501000-M ("The Policy"), to the California Teachers Association Economic Benefit Trust.  The Policy was issued in California and is subject to its laws.  The Policy was issued on September 1, 2007, and amended several times thereafter, most recently effective May 15, 2014.  Standard thus insured The Plan, is obligated to provide all benefits claimed, and acted on behalf of The Plan in all matters alleged herein, including making the decisions to deny Plaintiff's LTD benefits and deny her appeal of that decision.

6.    The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.    The Policy provides LTD benefits, in the amount of 75% of the covered person's Regular Daily Salary, reduced by Deductible Income.

8.    Under the Policy Disability is defined as:

"You are Disabled if you meet the following definitions during the periods they apply:

       A.     Usual Occupation Definition of Disability.
       B.     Any Occupation Definition of Disability.

A.    Usual Occupation Definition of Disability
During the Benefit Waiting Period and the Usual Occupation Period you are required to be Totally Disabled from your Usual Occupation or Partially Disabled from your Usual Occupation.

       1.     **Total Disability Definition**: You are Totally disabled from your Usual Occupation if, as a result of Sickness or Injury you are unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue your Usual Occupation and you are not working in your Usual Occupation.

       2.     **Partial Disability Definition:** You are Partially Disabled from your Usual Occupation if you are not Totally Disabled and you are actually working in your Usual Occupation but, as a result of Sickness or Injury, you are unable to earn 80% or more of your Indexed Regular Daily Contract Salary.

* * * *

**Usual Occupation** may be interpreted to mean the employment, business, trade or profession that involves the Substantial and Material Acts of the occupation you are regularly performing for your Employer when Disability begins. Usual Occupation is not necessarily limited to the specific job you perform for your Employer.

**Substantial and Material Acts** means the important tasks, functions and operations generally required by employers from those engaged in your Usual Occupation that cannot be reasonably omitted or modified. In determining what Substantial Acts and Material Acts are necessary to pursue your Usual Occupation, we will first look at the specific duties required by your job. If you

---

**COMPLAINT**

-3-

are unable to perform one or more of these duties with reasonable continuity, we will then determine whether those duties are customarily required of other individuals engaged in your Usual Occupation.  If any specific, material duties required of you by your job differ from the material duties customarily required of other individuals engaged in your Usual Occupation, then we will not consider those duties in determining what Substantial and Material Acts are necessary to pursue your Usual Occupation.

9.     Under the Policy, Regular Contract Salary is defined as:

"**Regular Contract Salary:** means your annual salary from the Employer under the terms of your employment contract with the Employer in effect for the contract year in which you become Disabled.  Regular Contract Salary does not include any additional compensation, such as overtime pay, weekend or summer school work compensation, Extra Duty Pay, bonuses or district-funded fringe benefits.

**Regular Daily Contract Salary** means your Regular Contract Salary, divided by the number of your Regular Days of Required Attendance for the contract year in which ou become Disabled.

**Regular Monthly Contract Salary** means your Regular Contract Salary, divided by 12.

The Regular Contract Salary and the number of Regular Days of Required Attendance will not change after your date of Disability."

10.    Prior to becoming disabled, Entz was an elementary school teacher.

11.    Entz became disabled on August 14, 2015.

12.    Entz timely applied for LTD benefits from Standard.

A.     Standard denied Entz' application for LTD benefits by letter dated January 12, 2016.

B.     In the denial letter, Standard set forth the policy definition of disabled, and the definition of sedentary and light work.  The denial letter noted Entz' symptoms, and the basis for its denial. It also provided an appeal deadline of 180 days.  It noted that if the denial is held up after an appeal, Plaintiff "may have the right to file suit under Section 502(a) of the Employee

**COMPLAINT**

1    Retirement Income Security Act (ERISA) or state law,

2    whichever is applicable."

3    C.    The January 12, 2016, denial letter did not contain notice of

4    any contractual limitations or statute of limitations regarding

5    filing suit.

6    13.    By undated letter, Entz timely appealed the denial of her LTD

7    benefits, detailing her symptoms, conditions, and testing she has gone through.

8    14.    By letter dated October 11, 2016, Standard upheld its denial of

9    Plaintiff's LTD benefits.  It wrote that Entz had exhausted her administrative

10   review process made under the policy and she had the right to file suit under

11   Section 502(a) of ERISA.  There was no notification of any contractual limitations

12   or statute of limitations.

13   15.    Plaintiff was and at all times since has been totally disabled under the

14   terms of the Policy.

15

16   **FIRST CLAIM FOR RELIEF**
     **(For Declaratory Judgment That The Plan May Not Rely Upon Its Own Three Year Contractual Limitations)**

17

18   16.    Plaintiff incorporates by reference Paragraphs 1 through 15 of this

19   Complaint.

20   17.    The Policy includes a provision specifying that any lawsuit must be

21   brought within three years after the time proof of loss is required ("contractual

22   limitations period").

23   18.    29 Code of Federal Regulations (C.F.R.) § 2560.503-1(g)(1)(iv)

24   provides that:

25   "(g) Manner and content of notification of benefit
     determination. (1) Except as provided in paragraph

26   (g)(2) of this section, the plan administrator shall
     provide a claimant with written or electronic

27   notification of any adverse benefit determination. Any
     electronic notification shall comply with the standards

28   imposed by 29 CFR 2520.104b-1(c)(1)(i), (iii), and

**COMPLAINT**

(iv). The notification shall set forth, in a manner calculated to be understood by the claimant –

* * * *

(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review . . . "

19.    10 California Code of Regulation (C.C. R.) Section 26995.4 provides, in part:

"(a) Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant."

20.    The January 12, 2016, denial of benefits letter does not include any reference to the Plan's three year contractual limitations period, or any other contractual or statutory limitations.  It only advises that if her appeal is denied, "you may have the right to file suit. . . ."

21.    The October 11, 2016, denial of appeal letter does not include any reference to the three year contractual limitations in the Plan, or reference to any other contractual or statutory limitations.  It only advises that  "you have exhausted the administrative review process made available. . .  You also have the right to sue under Section 502 (a) of the . . . ."

22.    No communications sent by Standard to Entz regarding her claim refers to the contractual limitations in the Plan or any other limitations period.

23.    By virtue of the Plan's failure to reference the contractual limitations period in the January 12, 2016, denial letter, or in its October 11, 2016, denial of appeal letter, or elsewhere, the Plan is estopped from and has waived reliance upon the contractual limitations period, based on its violations of both 29 C.R.R. § 2560.503-1(g)(1)(iv) and 10 C.C. R. Section 26995.4. The contractual limitations period should be tolled until and unless proper notice is given.  Alternatively, the

Plan's three year contractual limitations period should be set aside, and the statute of limitations for the most analogous state-law claim should be used instead. Therefore, this court should issue a declaratory judgment barring Standard from relying upon the contractual limitations period in the Policy and permit Entz to prosecute this lawsuit without reference to any contractual limitations period.

24. As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of the Policy.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
(For Declaratory Relief That Plaintiff Is Entitled to Benefits–
Against Defendant)

25. Plaintiff incorporates by reference Paragraphs 1 through 15 of this Complaint.

26. Entz daily contract salary was $545.65 daily (without substitute differential pay).

27. ERISA section 503, 29 U.S.C. section 1133 provides:

"In accordance with regulations of the Secretary, every employee benefit plan shall–

(1)    provide adequate notice in writing to any participant, beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reason for such denial, written in a manner calculated to be understood by the participant, and

(2)    afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

28. Defendant was required to provide Plaintiff a full and fair review of her claim for benefits pursuant to 29 U.S.C.  §1133 and its implementing

COMPLAINT

Regulations.  Specifically:

A.  29 U.S.C. §1133 mandates that, in accordance with the Regulations of the Secretary of Labor, every employee benefit plan, including defendants herein, shall provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant and afforded a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by an appropriate named fiduciary of the decision denying the claim.

B.  The Secretary of Labor has adopted Regulations to implement the requirements of 29 U.S.C. §1133.  These Regulations are set forth in 29 C.F.R. §2560.503-1 and provide, as relevant here, that employee benefit plans, shall establish and maintain reasonable procedures governing the filing of benefit claims, notifications of benefit determinations, and appeal of adverse benefit determinations and that such procedures shall be deemed reasonable only if:

i.   Such procedures comply with the specifications of the Regulations.

ii.  The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit determinations are made in accordance with governing plan documents and that, where appropriate, the Policy provisions have been applied consistently with respect to similarly situated claimants.

iii. Written notice is given regarding an adverse

COMPLAINT

determination (i.e., denial or termination of benefits) which includes: the specific reason or reasons for the adverse determination; with reference to the specific plan provisions on which the determination is based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the Policy's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following a denial on review; if an internal rule, guideline, protocol, or similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

iv. Defendant is required to provide a full and fair review of any adverse determination which includes:

a. That a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

b. A document, record, or other information shall be

1  considered "relevant" to a claimant's claim if such

2  document, record, or other information: (1) was

3  relied upon in making the benefit determination;

4  (2) was submitted, considered, or generated in the

5  course of making the benefit determination,

6  without regard to whether such document, record,

7  or other information was relied upon in making the

8  benefit determination; (3) demonstrates

9  compliance with the administrative processes and

10  safeguards required pursuant to the Regulations in

11  making the benefit determination; or (4)

12  constitutes a statement of policy or guidance with

13  respect to The Policy concerning the denied

14  benefit without regard to whether such statement

15  was relied upon in making the benefit

16  determination.

17  c.  The Regulations further provide that for a review

18  that takes into account all comments, documents,

19  records and other information submitted by the

20  claimant relating to the claim, without regard to

21  whether such information was submitted or

22  considered in the initial benefit determination;

23  d.  The Regulations further provide that, in deciding

24  an appeal of any adverse determination that is

25  based in whole or in part on a medical judgment

26  that the appropriate named fiduciary shall consult

27  with a healthcare professional who has appropriate

28  training and experience in the field of medicine

**COMPLAINT**

1    involved in the medical judgment.

2        e.    The Regulations further require a review that does

3            not afford deference to the initial adverse benefit

4            determination and that is conducted by an

5            appropriate named fiduciary of the Plan who is

6            neither the individual who made the adverse

7            benefit determination that is the subject of the

8            appeal nor the subordinate of such individual.

9        f.    The Regulations further provide that a healthcare

10            professional engaged for the purposes of a

11            consultation for an appeal of an adverse

12            determination shall be an individual who is neither

13            the individual who was consulted in connection

14            adverse benefit determination which was the

15            subject of the appeal nor the subordinate of any

16            such individual.

17    29.    Defendant  denied Plaintiff a full and fair review of her claim for

18 benefits as follows:

19    A.    Standard has claims procedures which contain administrative

20            processes and safeguards designed to ensure and to verify that

21            benefit determinations are made in accordance with governing

22            plan documents and that, where appropriate, the Policy

23            provisions have been applied consistently with respect to

24            similarly situated claimants, but did not provide them to Entz.

25    B.    Standard, when denying Plaintiff's claim for LTD benefits, did

26            not provide a description of the additional material or

27            information necessary for Plaintiff to perfect her claim or an

28            explanation of why such material or information was necessary.

COMPLAINT

C. Defendant did not consider the comments and documents submitted in support of Plaintiff's appeal of the denial.

D. Defendant otherwise violated the Regulations regarding the denial.

30. This Court is required to review the denial of Plaintiff's benefits *de novo* because: (1) the Policy does not reserve discretion; and (2): any discretionary clause in The Policy, should it exist, is void and unenforceable due to California Insurance Code section 10110.6 because The Policy:

      i. provides life insurance or disability insurance coverage, to any California resident;

      ii. was issued after the effective date of Insurance Code section 10110.6 of January 1, 2012.

31. Alternatively, if for any reason the Court concludes that review is for abuse of discretion, then this Court should review Standard's decision with limited deference because:

A. Standard is both the administrator and the funding source for The Policy, and therefore has a conflict of interest.

B. Standard failed to comply with ERISA's procedural requirements regarding benefit claims procedures and full and fair review of benefit claim denials as set forth in Paragraph 29;

C. Standard's decision-making was influenced by its financial conflict of interest and its use of biased medical and vocational reviewers.

32. Defendant's denial of Plaintiff's LTD benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Policy.

33. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to whether Plaintiff is entitled to LTD benefits under The Policy.

34.     Plaintiff contends, and Defendant disputes, that Plaintiff is entitled to LTD benefits under the terms of The Policy because Plaintiff contends, and Defendant disputes, that Plaintiff is totally disabled.

35.     Plaintiff desires a judicial determination of her rights and a declaration as to which party's contention is correct, together with a declaration that Defendant is obligated to pay long-term disability benefits of the Policy, retroactive to the first day her benefits were denied, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Policy.

36.     A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

37.     As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which she is entitled under the terms of The Policy.  Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
### (For Equitable Relief Regarding Long Term Disability Benefits)

38.     Plaintiff incorporates by reference Paragraphs 1 through 15, and and 25 through 37, inclusive, of this Complaint.

39.     ERISA Section 502(a)(3) allows a participant, beneficiary, or fiduciary to sue to enjoin any act or practice that violates any provision of Title I of ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or enforce any provisions of Title I of ERISA or the terms of the plan.

//

COMPLAINT

40.    Defendant breached their fiduciary duty to Plaintiff by engaging in the acts and omissions described above and in paragraphs 1 through 15 and 35 through 37.

41.    The LTD benefit to Entz is and was tax-free to her because she paid the premiums for said benefits with post-tax dollars.  Entz needed the money from her LTD benefits significantly to pay for her medical care and treatment for herself and her children.

42.    As a direct and proximate result of Standard's breach of its duties as a fiduciary, Plaintiff has suffered economic and other harm, including the incurment of interest obligations and credit card debt as a result of having to borrow against her life insurance policy at the rate of 7% interest and use high interest credit cards, to pay for medical care and living expenses for herself and her daughters. Had Plaintiff received the tax free LTD benefits she was entitled to, but was improperly denied, Plaintiff would not have suffered such harm.

43.    The Court possesses the power to remedy the harm suffered by Plaintiff and make her whole by providing equitable relief in the form of monetary compensation for the loss which resulted from the plan fiduciary's breach of duties.  Therefore, because defendant benefitted and was unjustly enriched from its own fiduciary breaches at the expense of Plaintiff, by denying her, among other things, a full and fair review, and improperly denying her claim for LTD benefits, Plaintiffs is entitled to recover an equitable surcharge in the form of:

        a.    repayment of the interest charges and other costs Plaintiff incurred as a result of having to borrow money to live and receive necessary medical treatment; and

        b.    disgorgement of profits gained as a result of Standard's breach.

WHEREFORE, Plaintiff prays judgment as follows:

1.    For a declaratory judgment barring Defendant from relying upon the three year contractual limitations period in the Policy as a defense to this action.

1      2.     For declaratory judgment against Standard Insurance Company,

2   requiring Standard Insurance Company to pay long-term disability benefits under

3   the terms of The Policy to Plaintiff for the period to which she is entitled to such

4   benefits, with prejudgment interest on all unpaid benefits, until it is determined

5   that Plaintiff is no longer eligible for benefits under the terms of The Policy.

6      3.     For the equitable relief of surcharge, including payment of the interest

7   charges and other costs incurred by Plaintiff as a result of having to borrow money

8   to replace the tax free LTD benefits she was improperly denied, and disgorgement

9   of profits gained by Standard as a result of its fiduciary breaches;

10      4.     For interest on all sums awarded;

11      5.     For attorney's fees pursuant to statute against Standard Insurance

12   Company.

13      6.     For costs of suit incurred.

14      7.     For such other and further relief as the Court deems just and proper.

15

16   DATED: March 4, 2019            */s/ Raquel M. Busani*

17                                        RAQUEL M. BUSANI #323162
                                         Attorney for Plaintiff,

18                                         TISHA ENTZ

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**

-15-